# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH REDELL HENRY,<br><br>Petitioner,<br><br>vs.<br><br>MATTHEW CATE,<br><br>Respondent. | CASE NO. 12cv2009-MMA (KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 26]<br><br>**OVERRULING PETITIONER'S OBJECTIONS**<br><br>[Doc. No. 27]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS**;<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Kenneth R. Henry, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United States Code, section 2254, challenging the sentence imposed after Petitioner pled guilty to possessing drugs for sale. *See* Doc. No. 1. Respondent answered the petition, arguing that the Court should deny all of Petitioner's claims and dismiss the

petition with prejudice.  *See* Doc. No. 18.  Petitioner filed a traverse.  *See* Doc. No. 20.

The matter was referred to United States Magistrate Judge Karen S. Crawford for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2.  Judge Crawford has issued a detailed and well-reasoned report recommending that the Court deny Petitioner's claims for relief without an evidentiary hearing and dismiss the petition with prejudice.  *See* Doc. No. 26.  Petitioner objects to the Report and Recommendation.  *See* Doc. No. 27.  For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

## DISCUSSION

### 1. *Standard of Review*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2. *Analysis*

Petitioner's objections to Judge Crawford's findings and recommendations are primarily based on arguments previously raised in his petition and traverse.  Judge Crawford thoroughly addresses those arguments in the Report and Recommendation.  After conducting a *de novo* review of the entire record, the Court finds that Petitioner's objections are without merit.  Further discussion is warranted only with respect to Petitioner's claim that he should be entitled to parole consideration once he has served 50% of his sentence, rather than 80% of his sentence.  To support this claim, Plaintiff cites an ongoing class action lawsuit in the Eastern and Northern Districts of California involving prison conditions in California state prisons.  *See*

*Coleman v. Brown*, Case No. 2:90-cv-0520-LKK-JFM.  On February 10, 2014, the three-judge district court issued an "Order Granting in Part and Denying in Part Defendants' Request for Extension of December 31, 2013 Deadline."  Doc. No. 5060.  Therein, the court ordered the State of California to immediately create and implement a new parole determination process through which non-violent second-strikers will be eligible for parole consideration once they have served 50% of their sentence.  Petitioner claims that this ruling entitles him to parole consideration after serving 50% of his sentence.  The Court is not persuaded.

A three-judge district court order in an unrelated class action has no precedential value in this action.  Moreover, as California has yet to implement any new parole determination process, petitioner's claim of entitlement to early release under such hypothetical process is not ripe for review.  This Court has no jurisdiction to adjudicate claims unless they are ripe.  *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009).  Finally, the relief Petitioner seeks in his petition is tethered to claims of ineffective assistance of counsel.  It is unclear how Plaintiff's counsel could render ineffective assistance for failing to seek redress under a possible future change in California sentencing law.

Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.  The Court **DENIES** Petitioner's petition with prejudice.

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

1 *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529
2 U.S. 473, 484 (2000).  Petitioner has not made the requisite showing.  Accordingly,
3 the Court declines to issue a certificate of appealability as to any claims or issues
4 raised in his petition.

### CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus with prejudice.  The Court **DECLINES** to issue a Certificate of Appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

DATED: May 23, 2014

Hon. Michael M. Anello
United States District Judge